## HAKES *v.* PECK.

December, 1863.

An agreement between the vendor and purchaser of land, by which the vendor guarantees that it shall sell, " within a year," for a stipulated price, and if not, he will pay the deficiency, does not bind the purchaser to hold the land, at that price, throughout the year. He may sell at any time within the year, even at auction, if in good faith.*

Jeremiah S. Hakes sued John M. Peck in the supreme court, to recover two hundred and fifty dollars, claimed to be due under an agreement made by the defendant on an exchange of lands between them.

The contract was a written agreement between the parties, dated October 1, 1854, which recited that they have exchanged certain lands, and that the plaintiff had received a conveyance from defendant, at the same time as the making this agreement, of a city lot in Troy, and contained the following clause: "I have valued said lot at the sum of one thousand five hundred dollars, and do hereby stipulate that said lot shall sell, within one year, at that price, or over; and in case of its not selling for that amount, I will make up the deficiency in cash to said Hakes within sixty days, with interest, after such sale."

The plaintiff endeavored, without success, to find a purchaser, and asked defendant to find one; not obtaining any offer, he advertised the lot for sale at auction, gave defendant notice of the sale, and defendant was present at the sale when, or immediately before the property was bid off. The sale was on

* Compare Mahaiwe Bank *v.* Culver, 30 *N. Y.* 313; and Lorillard *v.* Silver, 36 *N. Y.* 578.

June 18, 1855, for·one thousand two hundred and fifty dollars, which was the highest sum bid.

*The supreme court*, at general term, on hearing the exceptions taken at the trial, held that the contract must be construed as a personal guaranty that the lot taken ·in exchange should prove saleable in the market *at any time* within the year, for the sum at which the vendor had valued it, and did not entitle the vendor to the whole year in which to find a purchaser. They accordingly gave judgment for plaintiff. Defendant appealed.

*John H. Reynolds*, for defendant, appellant.

*J. A. Millard*, for plaintiff, respondent.

INGRAHAM, J.—The principal question in this case depends upon the construction of the agreement between the parties, by which the defendant undertook to make up the deficiency if the lot did not, within a year, bring one thousand five hundred dollars. The defendant contends that he had a right at any time within the year to find a purchaser at that sum, and that the sale by the plaintiff before the year expired, put it out of the power of the defendant to fulfill his agreement. I do not see anything in the contract that rendered it necessary for Hakes to hold the title to the lot for the year. The agreement was that it should sell for one thousand five hundred dollars within one year, and if, after Hakes had sold the lot, the purchaser had resold it within the year for one thousand five hundred dollars, that would have been a defense to this action. Nor is there anything requiring the offer of one thousand five hundred dollars from a purchaser to be made to Hakes. A like offer made· in good faith to the purchaser, even if refused by him, would have shown the value to be one thousand five hundred dollars within the year, and an offer to the purchaser would have been as effective to fix the value as a like offer would have been if made to the plaintiff.

The proper construction of this agreement is, that Hakes should ascertain the value by a sale some time within the year,

Hakes v. Peck.

and that he should not hold the lot longer than that time, and afterward, by selling it for a less sum than one thousand five hundred dollars, charge him with the deficiency. The contract clearly contemplated a sale within the year. If the defendant is right in his construction, there could be no sale within the year for less than one thousand five hundred dollars. But if so, how could there be a deficiency made, or how could the amount of deficiency be ascertained? Not before the year expired, because if so, the defendant's claim to have the whole year to find a purchaser would fail. If after the year, that would be contrary to the contract, which provided for paying any deficiency within the year. The construction put upon the contract in the court below was the correct one, viz: that if the plaintiff chose to sell the lot within the ensuing year it would bring one thousand five hundred dollars, and if it did not, the defendant would make up the deficiency between that sum and the amount the lot should bring if sold within the year. Suppose the plaintiff had not offered the lot for sale within the year, could he have maintained any action against the defendant? I think not. The contract evidently means that the plaintiff should act in good faith, in selling at a reasonable time and using proper means to get a fair price. If after so doing, the property did not bring the sum agreed on, the defendant became liable to pay the difference.

There was an exception to the admission of the evidence showing the market value of the lot during the year. This point has not been taken before us on the argument. The evidence was clearly admissible, if for no other purpose, to show good faith on the part of the plaintiff in making the sale, and that the defendant was not injured by selling it within and before the termination of the year.

The judgment was right, and should be affirmed.

T. A. JOHNSON, J. [After briefly referring to the above facts.]—The stipulation plainly contemplates a sale by the plaintiff of the premises, for the purpose of converting the same into money within the year following its date, and provides for the payment of any deficiency in case there should be any upon such sale. The sale was of course to be made by the

plaintiff, as he was the sole owner and at liberty to sell or retain the premises at his option. If he elected to keep the lot, it operated as a satisfaction of the one thousand five hundred dollars, at which it was valued. If he elected to sell, the stipulation provided that it should bring one thousand five hundred dollars or over, upon such sale, within the year, or the deficiency should be paid with interest from the date of the sale.

The only question in the case is, at what time within the year could the plaintiff sell and hold the defendant to this stipulation? The answer seems to me very plain. No time of sale is fixed by the instrument except "within one year." And as it is left optional with the plaintiff to sell or not, as he might choose, it follows, I think, very clearly, that he was to be at liberty to sell at any time within the year when it might be desirable on his part to convert the land into money. Of course, there was an implied obligation on the part of the plaintiff to act in good faith, and obtain the best price which could be obtained with reasonable exertion. There is no pretense that this has not been done. The defendant had notice of the sale, and was present, but did not offer to take the lot at the one thousand five hundred dollars, or any other price. He certainly had then a fair opportunity of cancelling his obligation by taking the lot off the plaintiff's hands. This he declined or neglected to do. It is claimed on behalf of the defendant that he had the whole of the year within which to make the required sum by the sale of the lot, and that he was to be the actor, and the plaintiff had no right to sell until the last day of the year. But this is a mistake. The plaintiff was to be the actor. He could sell or not as he choose. If he sold, it was to be at defendant's risk as to price, and this right he has exercised within the general limit. Clearly the defendant had no power to sell, or to control the plaintiff as to time within the general scope. He might have found a purchaser for the plaintiff had he chosen so to do at the valuation, or offered to take the land at that price himself, at any time before the plaintiff elected to sell, or at the time of the sale, and thus have absolved himself from his obligation. But he could not lie still, and compel the plaintiff to keep the land through the year, as that was no part of the stipulation. The meaning of the agreement is that

the lot should sell at any time within the year at which the plaintiff might in good faith desire and elect to sell, for the valuation or over. As it was sold for less, at a fair sale, within the time, the defendant is liable for the deficiency with interest.

The judgment of the supreme court is right, and should be affirmed.

All the judges concurred, except DENIO, Ch. J., and H. R. SELDEN, J., who dissented.

Judgment affirmed, with costs.